PLATT v. BOYD. See Case No. 11,212.

---

## Case No. 11,216.

### PLATT v. BROACH.

[36 How. Prac. 188.]

District Court, E. D. New York. Dec. 14, 1868.

TRIAL—EVIDENCE—QUESTION FOR JURY.

[1. Collection of a note being resisted upon the ground that it was not stamped as required by the revenue laws.]

[2. A note sued on bore upon its face the stamp required by the revenue laws, purporting to have been duly canceled on the date of the note, but the parties to it, who left it at a bank, swore that the note was not then stamped at all. The president of the bank, with whom it was left, testified that he did not stamp it, and the cashier testified that he did not. There was no evidence as to when the stamp was af-

fixed, or that there were other persons connected with the bank having authority to stamp notes, or that the cancellation stamp was that of the bank. The holder of the note was not asked whether it was stamped when it came into his possession. Held, that in this condition of the evidence, defendant was entitled to go to the jury upon the question of fact in regard to the stamp.]

This action is brought by the receiver of the Farmers' and Citizens' National Bank, to recover the amount of a promissory note, made and indorsed by the defendants. It now comes before the court upon a motion for judgment upon a verdict for the plaintiff, which was taken by direction of the court subject to the opinion of the court.

BENEDICT, District Judge. Among the other points taken by the defendant in opposition to the motion is this, that the evidence did not show the note, upon which the suit is brought, to have been stamped as required by the revenue laws; while on the part of the plaintiff it is insisted that inasmuch as the note in evidence bears upon its face the proper stamp, purporting to have been duly canceled on the day of the date of the note, it is to be presumed to have been duly affixed on that day. There appears to have been some misunderstanding of the evidence given upon this point. As the notes of the trial show, the parties to the note, who left it at the bank, swear that the note was not stamped at all when they left it. The president of the bank, with whom they left it, says he did not put the stamp on and does not know who did, and the cashier of the bank shows that he did not put the stamp on. There is no evidence as to when the stamp was affixed, or that there were any other persons connected with the bank, than those sworn, who were authorized to stamp notes, or that the cancellation stamp is that of the bank, and the present holder is not asked whether the stamp was upon the note when it came into his hands. In this position of the evidence, the defendant was entitled to go to the jury upon the question of fact raised in regard to the stamp.

The motion for judgment must therefore be denied and a new trial granted. The cause will be placed upon the calender of the present term.